# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-CR-10036-MARTINEZ

UNITED STATES OF AMERICA

v.

DANIEL GAVIN COUCH,

  Defendant.

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

5

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail. A defendant has a right not to testify.

But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

The Superseding Indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Superseding Indictment to refer to during your deliberations.

Counts 1 and 2 charge that Defendant committed what are called "substantive offenses," specifically Voluntary Manslaughter and Seaman's Manslaughter. I will explain the law governing those substantive offenses in a moment.

But first note that Count 1, Voluntary Manslaughter, has a lesser included offense that is Involuntary Manslaughter.

I will also give you specific instructions on the lesser-included offense.

8

Count 1 of the Superseding Indictment charges the Defendant with Voluntary Manslaughter.

It's a Federal crime to commit voluntary manslaughter, which is the unlawful and intentional killing of a human being without malice upon a sudden quarrel or heat of passion, when the crime occurs within the special maritime and territorial jurisdiction of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the victim, S.A., died;

(2) the Defendant caused the victim's death;

(3) the Defendant acted intentionally but without malice and in the heat of passion; and

(4) the death occurred within the special maritime and territorial jurisdiction of the United States.

Manslaughter is the unlawful killing of another human being without malice. It's voluntary when it happens intentionally during a sudden quarrel or in the heat of passion.

9

The term "heat of passion" means a passion of fear or rage in which the defendant loses his normal self-control as a result of circumstances that would provoke such passion in an ordinary person, but which did not justify the use of deadly force.

If you find beyond a reasonable doubt that the crime occurred at the location described in the indictment, that location is within the special maritime and territorial jurisdiction of the United States.

In some cases, a defendant is charged with breaking a law that actually covers two separate crimes.

A "lesser-included offense" is a crime that isn't as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Count 1, you must determine whether the Defendant is guilty of the lesser-included offense.

Proof of the lesser-included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count 1, except that the crime occurred in the heat of passion.

Involuntary Manslaughter is the lesser-included offense of Voluntary Manslaughter.

It's a Federal crime to commit involuntary manslaughter, which is the unlawful but unintentional killing of a human being as a result of an act done in wanton and reckless disregard for human life when the offense occurs within the special maritime and territorial jurisdiction of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the victim, S.A., is dead;  ✓

(2) the Defendant caused the victim's death;  ✓

(3) the victim's death occurred as a result of the Defendant acting with wanton and reckless disregard for human life;

(4) the Defendant knew or could have reasonably foreseen that the Defendant's conduct was or could be a threat to the lives of others; and

(5) the death took place within the special maritime and territorial jurisdiction of the United States.

Manslaughter is the unlawful killing of another human being without malice. It's involuntary if it is unintentional but happens while a person commits a crime that isn't a felony, or during a lawful act done in an unlawful manner, or during a lawful action done without taking due caution.

The Government doesn't have to prove that the Defendant intended to cause the victim's death. But the Government must prove beyond a reasonable doubt that the Defendant was more than just negligent or failed to use reasonable care. It must

prove gross negligence amounting to "wanton and reckless disregard for human life," which means the Defendant acted unreasonably or maliciously and didn't care about the consequences.

If you find beyond a reasonable doubt that the crime occurred at the location described in the indictment, that location is within the special maritime and territorial jurisdiction of the United States.

Count Two charges the Defendant with seaman's manslaughter.

It is a Federal crime for a captain, engineer, pilot, or other person employed on a vessel to engage in misconduct, negligence, or inattention to his duties that proximately causes the loss of life, or for an owner or charterer of a vessel to engage in fraud, neglect, connivance, misconduct, or violation of law that proximately causes the loss of a life.

The Defendant can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

(1) The Defendant was the captain of the M/V AIRBORNE.

(2) The victim, S.A., is dead; and

(3) S.A.'s death was proximately caused by the Defendant's misconduct, negligence, or inattention to his duties on the M/V AIRBORNE.

"Negligence" is a breach of duty, which means an omission to perform some duty, or a violation of some rule or standard of care, which is made to govern and control one in the discharge of some duty.

Negligent conduct "proximately causes" a loss of life if the loss of life resulted from the negligence and it was reasonably foreseeable that the negligent conduct was or could be a threat to the lives of others.

14

Where a statute specifies multiple alternative ways in which an offense may be committed, the Superseding Indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

You'll see that the Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

Each count of the Superseding Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

19

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.